UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANITA WYNNE, on behalf of themselves and classes of those similarly situated,<br><br>            Plaintiff(s),<br><br>     v.<br><br>MCCORMICK & SCHMICKS'S SEAFOOD RESTAURANTS, INC., et al.,<br><br>            Defendant(s). | No. C06-3153 CW (BZ)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' AMENDED MOTION TO COMPEL PRODUCTION OF STATISTICAL DATA** |

Before the court is plaintiffs' Amended Motion to Compel Production of Statistical Data.[1] In opposing discovery, defendants make two principal arguments:

1.   That discovery should be limited to the Berkeley restaurant which is the subject of the complaints by the two named plaintiffs; and

---

[1] A party may obtain discovery as to "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Courts broadly construe the scope of permissible discovery. See, e.g., In re Advanced Interventional Systems Securities Litigation, 1993 WL 331006, at *1 (C.D. Cal. May 17, 1993) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

1

2. That plaintiffs should instead, or at least first, depose a broad range of individuals tendered by defendants who presumably will satisfy plaintiffs that the challenged hiring practices are limited to the Berkeley restaurant because defendants restaurants operate on a decentralized basis.

As to defendants' first argument, this court cannot say as a matter of law that statistical evidence of discrimination at stores other than Berkeley, is not relevant to the issue of whether a class should be certified that would extend to stores other than Berkeley.[2] The decision whether to permit discovery pre-class certification is within the sound discretion of the court. Barnhart v. Safeway Stores, Inc., 1992 WL 443561, at *2 (E.D. Cal. Dec. 14, 1992). Statistical evidence in particular is well-accepted evidence of class wide discrimination, and may go to the commonality prerequisite. Dukes v. Wal-Mart Stores, Inc., 222 F.R.D. 137, 154 (N.D. Cal. 2004) (appeal pending); see also Barefield v. Chevron U.S.A., Inc., 1987 WL 65054, at *3 (N.D. Cal. Sept. 9, 1987). Indeed, as the Ninth Circuit has explained, "'the often-cited aphorism, 'statistics often tell much and Courts listen,' has particular application in Title VII cases.'" Blake v. City of Los Angeles, 595 F.2d 1367, 1375 n.4 (9th Cir. 1979) (quoting United States v. Ironworkers Local 86, 443 F.2d 544, 551 (9th Cir. 1971)).

In their opposition, defendants repeatedly argue that

---

[2] I have discounted defendants arguments that the propounded discovery would be burdensome because the argument is not supported by any declaration establishing burden. In any event I believe the limitations I impose will mitigate any burden, for the time being, that may exist.

1  plaintiffs have no evidence of discrimination at any
2  restaurant other than at Berkeley.  In reply, plaintiffs have
3  submitted declarations of nine (9) individuals who claim to
4  have suffered or witnessed various types of discrimination in
5  eleven (11) different restaurants operated by defendants in
6  various states.
7       As to the second argument, defendants have cited no
8  authority, and the court is aware of none, for the proposition
9  that defendants can dictate the means of discovery that the
10 plaintiffs must use.  That proposition appears inconsistent
11 with Rule 26(d).  I agree with the argument that the
12 plaintiffs advanced during the telephonic hearing some weeks
13 ago that it would not be efficient to require them first to
14 depose defendants' management personnel since they might have
15 to be re-deposed once the statistical discovery was produced.
16 While the defendants' witnesses might be willing to undergo
17 multiple depositions, I see no reason to force plaintiffs to
18 do so.
19      Finally, some of defendants' objections to the original
20 discovery requested are well taken.  While plaintiffs assert
21 that they are moving to compel production of only statistical
22 data, plaintiffs have not rewritten their discovery requests.
23 In an effort to avoid confusion, I will rule on each request
24 specifically and generally limit plaintiffs' requests to
25 certain electronically stored information and government
26 mandated compliance reports and other similar documents.
27 I have also denied those requests which are irrelevant to
28 plaintiffs' current need for statistical data.

3

1      Based on the foregoing, I **HEREBY ORDER** the following:
2      (1)  Plaintiffs' requests for production nos. 6 and 7 are
3 **GRANTED** to the extent that they request electronically stored
4 data showing the race, date of application, date of hire, job
5 title(s), salary/wage rates, gross pay, bonuses, full-
6 time/part-time status, hours, shifts, restaurant location, and
7 termination codes for all current and former restaurant
8 employees and applicants and current and former restaurant-
9 level managers and applicants from May 11, 2002 to the
10 present.  Plaintiffs' requests nos. 6 and 7 are **DENIED** to the
11 extent they request the names, addresses, gender, and national
12 origin of defendants' employees and applicants.  Plaintiffs
13 have failed to demonstrate the relevance of this information
14 at this stage of litigation.
15      (2)  Plaintiffs' request for production no. 8 is **DENIED**.
16 The request is over broad and irrelevant in that corporate
17 employees are not members of the alleged putative classes.
18      (3)  Plaintiffs' request for production no. 9 is **DENIED**.
19 As written, plaintiffs requests all conceivable documents
20 pertaining to daily work assignments.  At this stage of
21 litigation, the request is overly burdensome and irrelevant to
22 plaintiffs' need to develop statistical data for class
23 certification purposes.
24      (4)  Plaintiffs' requests for production nos. 31 and 32
25 are **DENIED**.  These requests seek personal information about
26 defendants' employees and applicants.  At this stage of
27 litigation, the requests are overly burdensome and irrelevant.
28      (5)  Plaintiffs' requests for production nos. 34, 35, 36

4

are **GRANTED IN PART AND DENIED IN PART**.  Defendants shall produce all EEO-1 reports and all comparable compliance reports submitted to any federal, state, or local agency on behalf of each of its restaurants between May 11, 2002 to the present.  Plaintiffs' requests for documents referring or relating to the described reports are, at this stage, overly burdensome.

    (6)  The denials recited above are made without prejudice to plaintiffs' ability to renew their requests at later stages of litigation.

    (7)  Defendants are **ORDERED** to provide further discovery consistent with this order no later than **January 2, 2007.**

Dated: November 28, 2006

                                _____
                                      Bernard Zimmerman
                             United States Magistrate Judge

G:\BZALL\-REFS\WYNNE\DISC.ORDER.1KW2.BZ.VERSION.wpd