1  Kelly M. Dermody (SBN 171716)
   Jahan C. Sagafi (SBN 224887)
2  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 30th Floor
3  San Francisco, CA  94111-3339
   Telephone:  (415) 956-1000
4  Facsimile:  (415) 956-1008
   Email:  kdermody@lchb.com
5  Email:  jsagafi@lchb.com

6  Robert Rubin (SBN 085084)
   Diana C. Tate (SBN 232264)
7  LAWYERS' COMMITTEE FOR CIVIL RIGHTS
     OF THE SAN FRANCISCO BAY AREA
8  131 Steuart Street, Suite 400
   San Francisco, CA 94105
9  Telephone: (415) 543-9444
   Facsimile: (415) 543-0296
10 Email: rrubin@lccr.com
   Email: dtate@lccr.com
11
   *Attorneys for Plaintiffs and proposed Classes*
12 *[additional counsel on signature page]*

13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| JUANITA WYNNE and DANTE BYRD, on behalf of themselves and classes of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MCCORMICK & SCHMICK'S SEAFOOD RESTAURANTS, INC. and MCCORMICK & SCHMICK RESTAURANT CORP., <br><br> Defendants. | Case No.  06-3153 CW <br><br> **CONFIDENTIALITY AGREEMENT AND STIPULATION FOR PROTECTIVE ORDER** |

The parties to this action, Plaintiffs Juanita Wynne and Dante Byrd (collectively "Plaintiffs") and Defendants McCormick & Schmick's Seafood Restaurants, Inc. and McCormick & Schmick Restaurant Corp. ("M&S" or "Defendant"), through their counsel of record, stipulate and agree to the following:

1.  The provisions of this Confidentiality Agreement shall govern the use and handling of all documents, testimony, written responses to discovery, and all other information in whatever form produced or given by any party or third party in this action that is designated "Confidential" in accordance with the terms hereof.  The parties will designate as "Confidential" only that information which they believe contains secret, confidential, private and/or proprietary information.  Each party shall exercise good faith in designating information as "Confidential."  The designation by any producing party of Documents as Confidential Information shall constitute a representation that such Documents have been reviewed by an attorney for the producing party and that there is a valid basis for such designation.  Mass, indiscriminate, or routinized designations are prohibited.  If that information or items that a party or non-party designated for protection do not qualify for protection at all, that party or non-party must timely notify all other parties that it is withdrawing the mistaken designation.

2.  <u>Definition of Documents</u>:  "Document" means all written, recorded or graphic matter whatsoever, and all copies (identical or non-identical) thereof including, but not limited to, pleadings, motions, briefs, responses to discovery, transcripts of testimony, all records or information compilations made or maintained by electronic, photographic or mechanical means, expressly including computer software and data, and any other document contemplated by Federal Rule of Civil Procedure, Rules 26 and 34.

3.  <u>Confidential Information</u>:  The term "Confidential Information," as used in this Confidentiality Agreement means:  (a) trade secret or other proprietary, confidential, research, development, or commercial information protected by applicable law; (b) individual personal information (including but not limited to financial, address, telephone, and Social Security Number information); and (c) other information deemed in good faith to be protected under applicable law as confidential, private, and non-public by a party to this action.  The term

- 1 -

1  "Confidential Information" does not include materials that have been distributed publicly or
2  widely distributed to M&S employees, such as the M&S Employee Handbooks and blank
3  employment-related forms; and general employment policies of M&S.

4         4.      <u>Nondisclosure of Confidential Documents</u>:  Except as provided below, no
5  Confidential Document may be disclosed to any person, and no Confidential Information
6  contained within a Confidential Document may be disclosed to any person.  A "Confidential
7  Document" means any document that contains Confidential Information and bears the legend
8  "Confidential."  Interrogatory answers, responses to requests for admission, deposition transcripts
9  and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials
10 entitled to protection may be accorded status as a Confidential Document, but, to the extent
11 feasible, shall be prepared in such a manner that the Confidential Information is bound separately
12 from that not entitled to protection.

13        5.      <u>Permissible Disclosures</u>.  Notwithstanding paragraph 4, and subject to
14 paragraph 6, Confidential Documents marked "Confidential" and Confidential Information
15 contained in such documents may be disclosed to:

16       (a)    counsel of record for the parties in this action, including in-house
17       counsel, who are actively engaged in the conduct of this litigation,
18       and the partners, associates, secretaries, paralegal assistants, and
19       employees of such counsel to the extent reasonably necessary to
20       render professional services in the litigation;
21       (b)    court officials involved in this litigation (including court reporters,
22       persons operating video recording equipment at depositions, and
23       any special master appointed by the Court);
24       (c)    Named Plaintiffs in the complaint;
25       (d)    interviewees and potential witnesses, including non-party
26       witnesses, in preparation for, and in the course of, depositions or
27       interviews, or at trial, if, in the reasonable good faith opinion of the
28

|   |   |   |
|---|---|---|
| 1 |   | parties' counsel, examination with respect to such information is necessary for legitimate discovery or trial purposes; |
| 3 | (e) | outside consultants or experts (including their employees, associates and support staff) retained for the purpose of assisting counsel in the litigation; |
| 6 | (f) | third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; |
| 12 | (g) | Mediators; |
| 13 | (h) | any person whom Plaintiffs' and Defendant's counsel agree, in writing, can be provided such information; |
| 15 | (i) | any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and |
| 17 | (j) | officers and directors of Defendant. |

6. <u>Use of Exhibit A</u>:  Prior to disclosure of Confidential Documents marked "Confidential" or Confidential Information contained in such documents to any person within paragraphs 5(d) – 5(h) above, such person shall agree in advance to be bound by this Confidentiality Agreement by signing the form annexed as Exhibit A.  Copies of the signed form annexed as Exhibit A will be retained by counsel and made available to opposing counsel and/or the Court as may be necessary and appropriate in the event of a dispute or disagreement.

7. <u>Declassification by Party</u>: If any party believes that Documents or Information designated "Confidential" do not merit the designation, the party may provide written notification to the other party.  The notice shall clearly specify the designated information and the reason(s) for the belief that the designated information is not properly subject to this Confidentiality Agreement.  The party giving such notice shall not bring a motion seeking an

order of this Court that the designated Confidential Documents or Confidential Information are not properly subject to this Confidentiality Agreement for ten (10) days following placement of such notice by the objecting party in the U.S. mail, or five (5) court days following the emailing or faxing of a copy of such notice to the other party.  Thereafter, the party contending the information is not subject to this Confidentiality Agreement may bring a motion seeking an order of this Court that the designated Confidential Documents or Confidential Information are not properly subject to this Confidentiality Agreement.  If such a motion is brought, the designated Confidential Documents or Confidential Information shall remain subject to this Confidentiality Agreement until the Court makes its determination.  At the time for resolution of any such motion, the party seeking to hold the information confidential shall have the burden of proving, with evidence, that the information designated as confidential should come within the protection of this Confidentiality Agreement.  Any hearing on such motion may be heard in camera by the Court.

        8.    <u>Declassification By Public</u>:  Any interested person or member of the general public may challenge a designation that a document is "Confidential" by filing and serving on all counsel for the parties to this litigation a written motion setting forth: (1) the person's interest in the document; (2) the basis of the challenge; and (3) the purpose for which the document will be used in or outside the scope of the litigation.

        9.    <u>Confidential Information in Depositions</u>:

    (a)    A deponent may, during a deposition, be shown and examined about Confidential Documents if the deponent signs the form attached as Exhibit A.  If the deponent is unwilling to sign Exhibit A, counsel for the parties shall meet and confer and endeavor in good faith to determine how best to proceed in the manner most likely to prevent unauthorized disclosure of Confidential Documents or Confidential Information consistent with the legitimate ends of accomplishing the intended discovery.

  (b)  The parties may designate deposition testimony and deposition exhibits as confidential on the record during the deposition. The parties also may designate pages of the transcript (and exhibits thereto) as confidential by notifying in writing all counsel of record, the court reporter, and the deponent of the portions of the deposition they wish to make subject to this Confidentiality Agreement, within fifteen (15) days after the designating party receives the transcript of the deposition. This written notification shall identify the proposed Confidential Information by page and line number from the ASCII or Livenote transcript containing the preliminary transcription of the deposition testimony, as well as by reference to the phrases that begin and end the designated portion. Upon receipt of such written notification, the court reporter shall mark the designated pages with the legend "Confidential" as instructed in the written notification. If a timely designation is made, the deposition pages and/or exhibits so designated shall be treated as Confidential Documents under this Confidentiality Agreement.

  10.  <u>Filing Confidential Information With The Court</u>: Confidential Information shall not be filed in the public record in this litigation. Any Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed or attempted to be filed pursuant to Civil L. R. 79-5. Where possible, only the portions of filing containing Confidential Information shall be filed with the Court under seal. If any Confidential Information is filed with the Court under seal, then the party submitting the Confidential Information shall file a public copy of the pleading containing the Confidential Information in redacted form. A party's request pursuant to Civil L. R. 79-5 that a document designated Confidential be filed under seal shall not constitute a waiver of that party's right to challenge the propriety of that document's designation as Confidential.

- 5 -

CONFIDENTIALITY AGREEMENT & STIP FOR PROTECTIVE ORDER
CASE NO. 06-3153 CW

LA1 6631029.2

1      11.     <u>Prior Production of Confidential Information</u>:  Confidential Information produced before the entry of this order by the Court shall be subject to the provisions of this order to the same extent as if the order had been entered by the Court as of the date the Confidential Information was produced.

       12.     <u>Written or Oral Request, Subpoena or Court Order</u>:  In the event any person in receipt of Confidential Documents or Confidential Information receives a written or oral request, subpoena, or court order seeking disclosure of another party's Confidential Documents or Confidential Information, such person shall, no later than ten (10) days after receipt, notify counsel for the party that produced the Confidential Documents or Confidential Information of the request, subpoena, or court order and shall provide a copy of the same.  Except in the case of an order requiring immediate production of the requested information, neither party shall disclose the other party's Confidential Documents or Confidential Information without giving the other party an opportunity to seek from this Court an order governing disclosure of the requested information.

       13.     <u>Client Consultation</u>:  Nothing in this Confidentiality Agreement shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 5 and 6.

       14.     <u>Non-Termination</u>:  The provisions of this Confidentiality Agreement shall not terminate at the conclusion of this litigation.  Within 120 days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the person or party receiving documents in this litigation shall return such documents and copies of documents to the person or party that produced them, or may destroy all such materials and certify in writing that all such materials have been destroyed.  Notwithstanding this provision, Counsel for the person or party who received documents in the litigation are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if

such materials contain Confidential information.  Any such archival copies that contain or constitute Confidential information remain subject to this Confidentiality Agreement.

15. **Modification Permitted**:  Nothing in this Confidentiality Agreement shall prevent any party or other person from seeking modification of this Confidentiality Agreement or from objecting to discovery that it believes to be otherwise improper.

16. **Responsibility of Attorneys**:  The attorneys of record are responsible for employing reasonable measures, consistent with this Confidentiality Agreement, to control duplication of, access to, and distribution of copies of Confidential Documents.  Parties shall not duplicate any Confidential Document except working copies and for filing in court under seal.

17. **No Waiver**:

(a) Review of the Confidential Documents or Confidential Information by counsel, experts, or consultants for the litigants in this litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of Confidential Documents or Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(c) The failure of the producing party to designate a document produced as a Confidential Document shall not constitute a waiver of a claim of confidentiality and shall not estop the producing party from subsequently identifying the document as a Confidential Document, so long as such designation occurs fifteen (15) days before the last date for the filing of summary judgment/adjudication motions.  The producing party may designate a document produced without a designation of confidentiality as a Confidential Document by informing all counsel of record in writing of the Bates number of

the document and the producing party's desire that it thereafter be treated as a Confidential Document.

(d) Nothing contained in this Confidentiality Agreement and no action taken pursuant to it shall be deemed a wavier of any party's right to use its own documents with complete discretion.

(e) Nothing contained in this Confidentiality Agreement and no action taken pursuant to it shall prejudice the right of any party to: (a) contest the alleged relevancy, admissibility, or discoverability of the Confidential Documents or Confidential Information sought; (b) object to any discovery requests on any grounds; or (c) seek an order compelling discovery with respect to any discovery request.

18. <u>Trial or Hearings</u>:  Nothing in the order shall be construed to affect the admissibility of any document, material or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding.

19. <u>Integration of Agreement</u>:  This Confidentiality Agreement memorializes all prior oral understandings and/or agreements between the parties regarding the treatment of Confidential Documents and Confidential Information.  In the event that any part of this Confidentiality Agreement is not "so ordered" by the court so that the court procedures identified herein cannot be implemented, the parties agree that: (a) all other procedures described herein regarding the treatment of Confidential Documents and Confidential Information will still be binding upon all signatories to this Confidentiality Agreement.  The parties further agree that, in the event that any court procedures identified herein cannot be implemented, the parties, subject to paragraph 14: (a) will make all reasonable efforts to protect against the unauthorized disclosure of Confidential Documents or Confidential Information; and (b) will enter into good faith negotiations to create a new Confidentiality Agreement that will satisfy the Court.

1  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

2
                                         LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
3

4
   Dated:  May 1, 2007              By:     /s/ Jahan C. Sagafi
5                                                Jahan C. Sagafi

6                                   Kelly M. Dermody (SBN 171716)
                                    Jahan C. Sagafi (SBN 224887)
7                                   275 Battery Street, 30th Floor
                                    San Francisco, CA  94111-3339
8                                   Telephone:  (415) 956-1000
                                    Facsimile:  (415) 956-1008
9                                   Email:  kdermody@lchb.com
                                    Email:  jsagafi@lchb.com
10
                                    James M. Finberg (SBN 114850)
11                                  Eve H. Cervantez (SBN 164709)
                                    Rebekah Evenson (SBN 207825)
12                                  ALTSHULER BERZON LLP
                                    177 Post Street, Suite 300
13                                  San Francisco, CA 94108
                                    Telephone: (415) 421-7151
14                                  Facsimile:  (415) 362-8064
                                    E-Mail: jfinberg@altshulerberzon.com
15                                  E-Mail: ecervantez@altshulerberzon.com
                                    E-Mail: revenson@altshulerberzon.com
16
                                    Bill Lann Lee (SBN 108452)
17                                  Vincent Cheng (SBN 230827)
                                    LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
18                                  1330 Broadway, Suite 1800
                                    Oakland, CA 94612-2509
19                                  Telephone: (510) 839-6824
                                    Facsimile: (510) 839-7839
20                                  Email: blee@lewisfeinberg.com
                                    Email: vcheng@lewisfeinberg.com
21
                                    Robert Rubin (SBN 085084)
22                                  Diana C. Tate (SBN 232264)
                                    THE LAWYERS' COMMITTEE FOR CIVIL RIGHTS OF
23                                  THE SAN FRANCISCO BAY AREA
                                    131 Steuart Street, Suite 400
24                                  San Francisco, CA  94105
                                    Telephone: (415) 543-9444
25                                  Facsimile: (415) 543-0296
                                    Email: rrubin@lccr.com
26                                  Email: dtate@lccr.com

27

28
                                                       CONFIDENTIALITY AGREEMENT & STIP FOR
                              - 9 -                                   PROTECTIVE ORDER
                                                                   CASE NO. 06-3153 CW

LA1 6631029.2

| | |
|---|---|
| 1 | Thomas A. Warren |
|   | THOMAS A. WARREN LAW OFFICES |
| 2 | 2032 Thomasville Rd., #D |
|   | Tallahassee, FL 32308-0734 |
| 3 | Telephone: (850) 385-1551 |
|   | Facsimile: (850) 385-6008 |
| 4 | Email: tw@nettally.com |

Thomas A. Warren
THOMAS A. WARREN LAW OFFICES
2032 Thomasville Rd., #D
Tallahassee, FL 32308-0734
Telephone: (850) 385-1551
Facsimile: (850) 385-6008
Email: tw@nettally.com

Gary Lafayette (SBN 88666)
LAFAYETTE & KUMAGAI
100 Spear Street, Suite 600
San Francisco, CA 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605
Email: glafayette@lkclaw.com

Eric Kingsley (SBN 185123)
KINGSLEY & KINGSLEY
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Facsimile: (818) 990-2903
Email: kingsleylaw@aol.com

*Attorneys for Plaintiffs*

SEYFARTH SHAW, LLP

Dated: May 1, 2007

By:   /s/ William C. Thomas III
           William C. Thomas III

Michael L. Gallion (SBN 189128)
Joshua A. Rodine (SBN 237774)
William C. Thomas (SBN 241789)
SEYFARTH SHAW LLP
2029 Century Park East #3300
Los Angeles, CA 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219
E-Mail: mgallion@seyfarth.com
E-Mail: jrodine@seyfarth.com
E-Mail: wthomas@seyfarth.com

- 10 -

CONFIDENTIALITY AGREEMENT & STIP FOR
PROTECTIVE ORDER
CASE NO. 06-3153 CW

LA1 6631029.2

| | |
|---|---|
| 1 | Gilmore F. Diekmann, Jr. (SBN 050400) |
| 2 | Eric A. Hill (SBN 173247) |
|   | Kamili Williams Dawson (SBN 193264) |
| 3 | SEYFARTH SHAW LLP |
|   | 560 Mission Street, Suite 3100 |
| 4 | San Francisco, California 94105 |
|   | Telephone: (415) 397-2823 |
| 5 | Facsimile: (415) 397-8549 |
|   | E-Mail: gdiekmann@seyfarth.com |
| 6 | E-Mail: ehill@seyfarth.com |
|   | E-Mail: kdawson@seyfarth.com |

Gerald L. Maatman, Jr. (pro hac vice)
131 S. Dearborn Street, Suite 2400
Chicago, Illinois  60603-5577
Telephone: (312) 460-5000
Facsimile:  (312) 460-7000
E-Mail: gmaatman@seyfarth.com

*Attorneys for Defendants*

- 11 -

CONFIDENTIALITY AGREEMENT & STIP FOR
PROTECTIVE ORDER
CASE NO. 06-3153 CW

LA1 6631029.2

1  PURSUANT TO STIPULATION IT IS SO ORDERED:

2
         5/3
3  Dated: _____, 2007       _____
                                   HONORABLE CLAUDIA WILKEN
4                                  UNITED STATES DISTRICT JUDGE

- 12 -

CONFIDENTIALITY AGREEMENT & STIP FOR
PROTECTIVE ORDER
CASE NO. 06-3153 CW

LA1 6631029.2

## EXHIBIT A

By signing this document, I hereby certify that I have read the Confidentiality Agreement in *Wynne, et al. v. McCormick & Schmick's Seafood Restaurants, Inc., et al.*, No. 06-3153 CW and hereby agree to abide by its terms and conditions. I also understand that any violation of the Confidentiality Agreement by me or anyone acting under my direction may subject me to penalties for contempt of court. I hereby consent to the Court's personal jurisdiction over me.

Date: _____

_____
Signature

_____
Name (Printed)